## THE FEDERAL No. 2.

### Circuit Court of Appeals, Second Circuit. July 25, 1927.

### No. 372.

**Indemnity ☞13(1)—Employer of seaman may not recover of one negligently injuring seaman for cost of cure imposed on employer by contract and law of flag of ship.**

Though under contract of employment of a seaman, in view of the law of the flag of the vessel, the employer be required to furnish cure for the seaman when injured, he has in the absence of right of subrogation and contract, no cause of action for the expense thereof against one merely negligently causing the injury, and not with intent to affect the contract relation; the negligence being the remote occasion, and not the proximate cause, of the employer's damage.

Appeal from the District Court of the United States for the Eastern District of New York.

Libel by the Gypsum Packet Company, Limited, owner of the barges Glooscap and Blight, and employer of seaman Morton Parr, for damages sustained by libelant because of injury sustained by one of its seamen. Decree for claimant (14 F.[2d] 530), and libelant appeals. Affirmed.

Barry, Wainwright, Thacher & Symmers, of New York City (James K. Symmers and John C. Crawley, both of New York City, of counsel), for appellant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (William H. Arnold, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge. On August 16, 1924, a seaman employed by the appellant was aboard the barge Glooscap. He was injured while on deck, due to a towing hawser sweeping the deck, through appellee's negligence, and coming in contact with him. He was removed to the United States Marine Hospital, where expenses were incurred for his maintenance and cure and paid for by the appellant. The libel is filed for reimbursement of this expense, and also for injury to the barge, which subsequently came in colli-

sion with the tug Federal No. 2. Each claim is set forth in a separate cause of action.

The sole question presented on this appeal is whether the appellant may maintain the action for hospital expenses incurred in an endeavor to cure the seaman of his injury. In The Hanna Nielsen, 273 F. 171, we pointed out that the right of a seaman to cure is not contractual only, but depends upon the law of the flag, and that the court may not take judicial notice of the foreign law. But the libel sets forth that the appellant is a Canadian corporation. While there is no express allegation that the law of Canada imposes an employer's liability to render maintenance and cure to seamen, still, with allegations of the seaman's injury, the service of this ship, owned by a Canadian corporation, and the further statement that, as the employer of the seaman, Parr, the libelant became obliged to pay, we will assume for the purpose of this opinion, that the Canadian law imposed the obligation claimed (Liverpool, etc., Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 9 S. Ct. 469, 32 L. Ed. 788), and proceed to consider the issue presented.

The appellant's claim, as alleged, is based upon the theory that the tug was a proximate cause in a chain of causation resulting in the damage. The seaman was cared for in the United States Marine Hospital, and because he was under contractual relations with the appellant as a seaman it was obliged to pay the bill. The basis of the claim is that the negligence resulting in injury to Parr gave rise to the occasion which required or obliged the appellant to pay the hospital bill. Even though one causes injury to another, to impose responsibility therefor contemplates a violation of a legal duty. The tug owed no legal duty to the appellant with reference to its contractual rights with the seaman. No principle of subrogation of rights is involved. The seaman had a cause of action against the tug for negligence. If he had succeeded in it, or settled or made adjustment thereof, that would end all appellant's claims resulting from injury to this seaman. In the absence of some right of subrogation, either by contract or foreign law, the appellant may not succeed. In the absence of some contractual rights, such as exist in the case of accident insurers to recover losses paid an assured, which the assured can recover from the tort-feasor and the insurer (Suttles v. Ry. Mail Ass'n, 156 App. Div. 435, 141 N. Y. S. 1024), we perceive of no right of action accorded to the appellant.

The right to maintenance and cure is granted to seamen because of the contractual

relation, and the covenant of such obligation is implied by operation of law. The Osceola, 189 U. S. 158, 23 S. Ct. 483, 47 L. Ed. 760; The Hanna Neilsen, 273 F. 171. The effective and proximate cause of the appellant's damage is due to the contract with the seaman, and the law does not predicate liability upon the party occasioning a contingency contemplated in that contract of employment. Ins. Co. v. Brame, 95 U. S. 754, 24 L. Ed. 580; Anthony v. Slaid, 11 Metc. (52 Mass.) 290; Dale v. Grant, 34 N. J. Law, 142; Conn. Mutual Life Ins. Co. v. N. Y., etc., R. R. Co., 25 Conn. 265, 65 Am. Dec. 571. When the seaman was injured, the contingency contemplated in his contract of employment occurred, and he was entitled, as promised by implication of law, to his employer's aid in affecting his cure; that is, the payment of the hospital bill and maintenance. It is too indirect to insist that this may be recovered, where there is neither the natural right nor legal relationship between the appellant and the tug, even though the alleged right of action be based upon negligence.

Where a father is permitted to recover for loss of services or expense in the cure of his child, it is based upon the recognition of the natural parental obligation to care for and maintain the infant child. In such case, the tort-feasor is held responsible because he is expected to recognize the natural and probable consequences of his act. The same is true where recovery is allowed a husband for loss sustained by reason of injury to his wife. But this social condition does not exist in the relationship of a seaman and his employer. It is a contract obligation, which he must perform, that imposes this responsibility, even though it be a special damage he suffers from a tortious act. The cause of the responsibility is the contract; the tort is the remote occasion.

We are referred to Fuller v. Otis Elevator Co., 245 U. S. 489, 38 S. Ct. 180, 62 L. Ed. 422, where a recovery was allowed for an elevator accident because the builder failed to provide a safe place or appliance for the use of an employee of a subcontractor. The contractor and his employees and the subcontractor's employees were allowed the use of the elevator by the elevator manufacturer, under an agreement between the principal contractor and the elevator manufacturer. Because of the negligence of the elevator manufacturer's servant, the subcontractor's employee was injured. He recovered against the principal contractor, and the elevator manufacturer was obliged to idemnify the principal contractor for the loss, due to the probable and natural consequences of the elevator manufacturer's

negligence. In The Belgenland (D. C.) 36 F. 504, one of the elements of damages was the breach of a contract of carriage, due to the ship's detention, and this was allowed as an incident of damage.

Where recovery for tortious injury to a servant has been allowed, it has been in the case of loss of service of a servant on account of personal injury to him. Ames v. Union Ry., 117 Mass. 543, 19 Am. Rep. 426. But in no case that we have been able to find may an employer recover for loss incurred in attempting to cure the servant. Where recovery is allowed to a master for loss of service of his servant, it is upon the theory that his right or interest has been injuriously affected.

But ordinarily damage suffered by one whose interest in the party or thing injured is contractual is too remote for recovery, unless the wrong is done with intent to affect the contractual relations. Flint v. Robins D. D. & Repair Co. (C. C. A.) 13 F.(2d) 3. So here the damage sustained is too remote to warrant a decree for the appellant.

Decree affirmed, with costs.

SWAN and AUGUSTUS N. HAND, Circuit Judges, concur in the result.