Elmer CHRISTENSEN, Libelant,

v.

GREAT LAKES TOWING COMPANY,
a corporation, Respondent,

Evernia Compania Neviara, S.A., a foreign corporation, Orient Mid East Lines, a foreign corporation, Impleaded Respondents.

No. 61–C–2.

United States District Court
E. D. Wisconsin.

Nov. 8, 1961.

John M. Spindler, Manitowoc, Wis., for libelant.

Harney B. Stover, Milwaukee, Wis., for respondent.

Ben G. Slater, Milwaukee, Wis., for impleaded respondents.

TEHAN, Chief Judge.

The impleaded respondents herein have filed a motion to dismiss that portion of the impleading petition which demands indemnification from them, for maintenance, cure, and/or wages, which may be paid to the libelant as a result of this action. Respondent herein is the Great Lakes Towing Company, owner of the Tug Mississippi; the impleaded respondents are the Evernia Compania Neviara, S. A., a foreign corporation and Orient Mid East Lines, a foreign corporation, respectively, the owner and the charterer of the N/S Captain M. Lyras, which was the ship being towed by the Tug Mississippi when the injury to libelant occurred.

The court has fully considered the pleadings, briefs, post-hearing memoranda, arguments of the parties, and is prepared to render a decision on this motion.

It is the position of impleaded respondents that they are in no event liable over to respondent for any amount which respondent may be obliged to pay libelant for maintenance, cure, and/or wages even though they may have been solely negligent in causing libelant's injuries.

Impleaded respondents have relied principally upon the case of The Federal No. 2 (C.A.2, 1927) 21 F.2d 313, and the holding therein that a shipowner cannot maintain an action against a tortfeasor for reimbursement of main-

tenance and cure expenses incurred in caring for a seaman injured solely because of the tortfeasor's negligence. The holding in The Federal No. 2, supra, is based upon the theory that the contract with the seaman, out of which the duty to provide maintenance and cure arises, is the proximate cause of the shipowner's damage, the tort being merely a remote occasion of the injury. Impleaded respondents deny that there were any contractual obligations between the parties to this motion which arose out of the contract of towage, other than the obligation to pay the charge which was to be made by respondent for towing the Lyras. In the alternative, impleaded respondents contend that even if there were implied provisions in the contract, these were not special provisions, but provisions found in any contract of towage and thus the rule of The Federal No. 2, supra, is still applicable to these facts.

Respondent cites in opposition to this motion, the implied provisions of the contract of towage and the breaches thereof alleged in the petition, the breaches being that the Lyras failed to heed the directions of the Tug, that she was not navigated in a seamanlike manner, and that the Lyras was unseaworthy because of the lack of familiarity of her navigators with certain of the customs and usages of the Great Lakes. Respondent relies upon Jones v. Waterman, S. S. Corp. (C.A.3, 1946) 155 F.2d 992, which supports his contentions, but which is not decided upon a contractual theory of indemnity. Respondent also relies upon the case of United States v. The Manzanillo (D.C.Oregon, 1960) 190 F.Supp. 229, and the rule therein enunciated at page 233, with reference to towage contracts that "where a ship or its owner, * * * permit or allow an unsafe condition to exist, such condition is in violation of the contract with the libelant and it may institute an action and prosecute a libel on such contract to recover the amount paid to a third person by reason of such unsafe condition."

A complaint is not subject to dismissal unless it appears that the plaintiff cannot possibly be entitled to relief under any set of facts which could be proved in support of its allegations.

We have carefully reviewed the pleading which is under attack on this motion to dismiss and we have also reviewed the authorities on which the parties rely. We are satisfied that with the latitude that must be given in construing this pleading it cannot be said that the respondent could not possibly be entitled to relief under any set of facts, which might be presented in support of the allegations of the impleading petition upon the trial of this action.

NOW, THEREFORE, IT IS ORDERED: That the motion of impleaded respondents to dismiss that portion of the impleading petition which relates to maintenance, cure, and/or wages, be and the same is hereby denied.