**Andrew G. BLACK, Plaintiff–Appellant,**

v.

**RED STAR TOWING & TRANSPORTATION CO., INC., Defendant–Appellee, Cross–Appellant,**

**and**

**Mobil Oil Corp., Defendant–Appellee, Cross–Appellee.**

No. 364, Dockets 87–7589, 87–7591.

United States Court of Appeals, Second Circuit.

On Submission April 11, 1988.

Decided Oct. 17, 1988.

---

Richard A. Senftleben, Gregory O'Neill, Paul F. Clark, Hill, Betts & Nash, New York City, of counsel, for defendant-appellee, cross-appellant.

Kathleen M. Beckett, Emmet J. Agoglia, McCoy, Agoglia, Beckett & Fassberg, P.C., Mineola, N.Y., of counsel, for defendant-appellee, cross-appellee.

Before FEINBERG, Chief Judge, TIMBERS, MESKILL, NEWMAN, KEARSE, CARDAMONE, PIERCE, WINTER, PRATT, MINER and MAHONEY, Circuit Judges.

## ON REHEARING IN BANC

MINER, Circuit Judge, joined by FEINBERG, Chief Judge, TIMBERS, MESKILL, NEWMAN, KEARSE, CARDAMONE, PIERCE, WINTER, PRATT and MAHONEY, Circuit Judges.

Plaintiff Andrew G. Black, a marine engineer employed by Red Star Towing & Transportation Co., Inc., brought this action to recover for personal injuries sustained in a maritime accident at Port Mobil, a facility owned and operated by defendant Mobil Oil Corporation at Staten Island, New York. Following a jury trial in the United States District Court for the Southern District of New York (Turrentine, J.), judgment was entered dismissing the Jones Act and unseaworthiness claims asserted by Black against Red Star, and apportioning liability between Mobil (10%) and Black (90%) on the negligence claim pleaded against Mobil. By order filed after the entry of judgment, the District Court determined that Red Star was not entitled to be indemnified by Mobil for the maintenance and cure it had provided to Black or for the counsel fees it expended in defense of the action.

On appeal by plaintiff Black and cross-appeal by defendant Red Star, a panel of this Court affirmed the judgment and order of the District Court. 838 F.2d 1202 (2d Cir.1987). Following Red Star's suggestion for rehearing in banc, a majority of the judges in regular active service voted to reconsider the cross-appeal and directed the parties to file additional briefs "focus[ing] on the issue of whether a shipowner has a right of indemnity against a third-party tortfeasor for maintenance and cure paid to an injured seaman." Order dated February 1, 1988. The case was submitted without oral argument. Upon reconsideration, we conclude that a shipowner has such a right, overrule *The Federal No. 2*, 21 F.2d 313 (2d Cir.1927), and direct the District Court to enter judgment in favor of Red Star and against Mobil in proportion to Mobil's fault for the accident in which Black was injured.

## BACKGROUND

The accident giving rise to this action occurred on February 27, 1985, while Red Star's tug CRUSADER was tied up to the Mobil dock to take on lube oil. A deckhand placed a wooden ladder on the tug's deck to provide access from the vessel to the pier above. As the vessel's engineer, Black was responsible for arranging to purchase the oil and transfer it to the tug. In the course of discharging those responsibilities, including assisting the dockman with the hose connections, Black ascended and de-

scended the ladder on several occasions. He testified that "the ladder was moving up and down and also in and out" and "seem[ed] to be wobbly" because of high winds and choppy seas. Jt.App. at 57–58.

Apparently concerned about the instability of the wooden ladder, Black began to use a steel access ladder affixed to a recess in the Mobil dock and running from below the water line to the pier. He descended the steel ladder once and ascended it once without incident. On his second descent, the left side of one of the ladder's rungs gave way from under his feet. Black then fell to the broken rung, which became imbedded in his buttocks, pinning him between the lower rungs of the ladder and the dock. This action was brought to recover for various injuries sustained in that accident, including severe contusions of the sciatic nerve.

The parties agreed that Black sustained damages in the sum of $500,000, and only the issues of liability and apportionment were presented to the jury. In response to specific interrogatories propounded by the Court, the jury determined (1) that Red Star was not negligent; (2) that the vessel CRUSADER was not unseaworthy; (3) that Mobil was negligent; (4) that Mobil's negligence was a legal cause of damage and injury to Black; (5) that Black was contributorily negligent; and (6) that his negligence was a legal cause of his injury and damage. In response to the interrogatory requiring it to "[s]tate as a percentage the part, if any, that each party's negligence contributed to plaintiff's injury," the jury apportioned 90% to Black, 10% to Mobil and 0% to Red Star. Judgment was entered on May 27, 1987, apportioning liability in accordance with the verdict and dismissing the complaint against Red Star. Pursuant to the agreement between the parties, Mobil thereupon became obligated to pay Black the sum of $50,000 (10% × $500,000).

By means of a motion made after the entry of judgment, Red Star sought indemnity from Mobil for the maintenance and cure payments it voluntarily had made to Black, together with the counsel fees incurred in defending the action. The parties to the motion stipulated that the maintenance and cure payments amounted to $34,000 and that counsel fees of $41,000 were incurred. In an order filed on May 29, 1987, the District Court denied the relief sought. Recognizing that the rule to be followed is not universally recognized, the Court nevertheless wrote as follows: "In this Circuit, a shipowner is not entitled to indemnity for maintenance and cure from a negligent third party. *The Federal No. 2,* 21 F.2d 313 (2d Cir.1927)." Jt.App. at 505. Finding no bad faith and no vexatious, wanton or oppressive conduct on the part of Mobil, the District Court "in its discretion" denied the motion for attorneys fees.

In the summary order filed by a panel of this Court on December 4, 1987, affirming the judgment and order of the District Court, Red Star's indemnity claim against Mobil was disposed of as follows:

> Red Star's claim for indemnity or contribution from Mobil for maintenance and cure must fail. The rule established in *The Federal No. 2* ... remains the law of the circuit, and we decline to overrule it here. Red Star's alternative argument that it be allowed to recover against Mobil for a breach of the implied warranty of workmanlike performance is meritless. The warranty cannot be implied in the absence of a more extensive relationship than the single transaction between Mobil and Red Star.

Summary Order at 3. It is this disposition that we now address.

## DISCUSSION

The right of a seaman injured in the service of a ship to recover maintenance and cure benefits without regard to fault is considered to be "[a]mong the most pervasive incidents of the responsibility anciently imposed upon a shipowner." *Aguilar v. Standard Oil Co.,* 318 U.S. 724, 730, 63 S.Ct. 930, 933, 87 L.Ed. 1107 (1943). Because of his employer's unqualified obligation to pay a stipend for living expenses as well as the expenses of medical treatment, an injured seaman is "the beneficiary of a system of accident and health insurance at shipowner's expense more compre-

hensive than anything yet achieved by shorebound workers." G. Gilmore & C. Black, *The Law of Admiralty* § 6–6, at 282 (2d ed. 1975) [hereinafter Gilmore & Black]. Whether an employer may shift its obligation to one directly responsible for the seaman's injuries in an action for indemnity is an issue over which the courts have differed.

In *The Federal No. 2, supra,* a seaman working on a barge was injured solely as the result of a tugboat's negligence. The barge owner voluntarily paid maintenance and cure to the injured employee and then sought indemnity for the payments in an action brought against the tortfeasor. We denied recovery, distinguishing the "social condition" that permits a parent to recover for a child's medical expenses and one spouse to recover for the loss of services of another. We held that

> this social condition does not exist in the relationship of a seaman and his employer. It is a contract obligation, which he must perform, that imposes this responsibility, even though it be a special damage he suffers from a tortious act. The cause of the responsibility is the contract; the tort is the remote occasion.

*Id.* at 314.

According to this analysis, a tortfeasor is not "expected to recognize" that the employer's payment of a seaman's maintenance and cure is "the natural and probable consequence[ ] of his act." *Id.*

Shortly after our decision in *The Federal No. 2,* we were confronted with a case in which an injured seaman's claim for damages, including maintenance and cure, was asserted in a single action brought against the seaman's employer and the tortfeasor whose negligence was responsible for his injuries. *Seely v. City of New York,* 24 F.2d 412 (2d Cir.1928) (per curiam). In that case, we had no difficulty in deciding that primary liability for all the damages sustained by the seaman should fall on the tortfeasor, and that the shipowner would be responsible for maintenance and cure only in the event of the tortfeasor's failure to pay. *Id.; see also The Jefferson Myers,* 45 F.2d 162 (2d Cir.1930) (per curiam). For

the past sixty years, we have continued the distinction between *Seely*-type actions and actions by shipowners seeking indemnity for maintenance and cure payments, shifting primary responsibility for such payments to third-party tortfeasors in the former but not in the latter. Contrary to the maritime law policy that calls for prompt and voluntary payment of maintenance and cure, *Vaughan v. Atkinson,* 369 U.S. 527, 533, 82 S.Ct. 997, 1001, 8 L.Ed.2d 88 (1962), this distinction encourages employers to withhold payments pending the outcome of actions by seamen against primarily responsible tortfeasors.

Our rule has not been without criticism, both in this circuit and elsewhere. In *Jones v. Waterman Steamship Corp.,* 155 F.2d 992 (3d Cir.1946), the Third Circuit allowed a shipowner sued for maintenance and cure to implead a third party allegedly responsible for the injuries sustained by the seaman plaintiff. Applying state common law, rather than maritime law, the court found the shipowner-seaman relationship analogous to the parent-child relationship and therefore worthy of "a status or a 'social condition' in excess of that given under the ruling in *The Federal No. 2." Id.* at 1000–01; *see also Gore v. Clearwater Shipping Corp.,* 378 F.2d 584 (3d Cir.1967); *Gooden v. Sinclair Refining Co.,* 378 F.2d 576 (3d Cir.1967). In the Fifth Circuit, it has been "well established . . . that an innocent employer is entitled to indemnification from a negligent third party for payments made to an employee." *Savoie v. La-Fourche Boat Rentals, Inc.,* 627 F.2d 722, 723 (5th Cir. Unit A 1980) (per curiam); *see also Richardson v. St. Charles–St. John the Baptist Bridge & Ferry Authority,* 284 F.Supp. 709, 716 (E.D.La.1968) ("[T]he result reached in *The Federal No. 2* is a poor one from the standpoint of policy."). We have "question[ed] the continued validity of *The Federal No. 2," Mahramas v. American Export Isbrandtsen Lines, Inc.,* 475 F.2d 165, 170 n. 7 (2d Cir.1973), the authors of a leading admiralty law treatise have criticized it, *see* Gilmore & Black § 6–18, at 319, and at least one commentator has urged its reexamination, *see* Edel-

man, *Time for Change in Indemnity Rulings*, N.Y.L.J., Jan. 8, 1988, at 1, col. 1.

Our rule has been undercut by the cases that have allowed employers of injured seamen to be indemnified by negligent third parties for maintenance and cure payments where there is a contractual relationship between shipowner and tortfeasor. The warranty of workmanlike performance implied in the contract between shipowner and stevedore, *Ryan Stevedoring Co., Inc. v. Pan–Atlantic Steamship Corp.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956), has been extended to contracts for vessel towing, *United States v. Tug Manzanillo*, 310 F.2d 220 (9th Cir.1962); *Rogers v. New Jersey Barging Corp.*, 567 F.Supp. 822, 827 (S.D.N.Y.1983) ("While *The Federal No. 2* has never been expressly overruled, it undoubtedly retains little, if any, vitality in light of *Ryan* and its progeny."), and imposed on the operator of a launch service, *Flunker v. United States*, 528 F.2d 239, 242 n. 1 (9th Cir.1975) ("We are aware that *The Federal No. 2* does not sail in untroubled waters."), to allow employers to recover their maintenance and cure costs when the warranty is breached. Indeed, it may be that "[g]iven the contractual arrangement between the owner of the barge ... and the owner of the tug, *The Federal No. 2*, on its own facts, would not be followed anywhere today." Gilmore & Black § 6–15, at 317 n. 78.

In the case at bar, however, there was no preexisting contractual relationship between the shipowner-employer, Red Star, and the third-party tortfeasor, Mobil. We therefore reject the contractual basis for recovery asserted here for the same reason given in the summary order disposing of the original appeal: "The warranty [of workmanlike performance] cannot be implied in the absence of a more extensive relationship than the single transaction between Mobil and Red Star." Summary Order at 3.

We nonetheless conclude that equity, which "is no stranger in admiralty," *Vaughan*, 369 U.S. at 530, 82 S.Ct. at 999, requires Mobil to reimburse Red Star for the maintenance and cure it provided to Black. For the reasons given below, we limit that reimbursement to Mobil's proportionate share of fault for the accident in which Black was injured. We hold that this type of claim, whether the subject of an independent action, a third-party action or a cross-claim in a pending action, may be pursued as a matter of general maritime law. *See* Gilmore & Black § 6–18, at 319. Accordingly, after sailing in Second Circuit waters for six decades, *The Federal No. 2* formally is abandoned.

When a contributorily negligent seaman is paid maintenance and cure by a non-negligent shipowner, equity dictates that a third-party tortfeasor should not bear liability in excess of its proportionate share of fault. There is authority to the contrary, predicated on the notion that the entire burden of maintenance and cure should be shouldered by the third-party tortfeasor rather than the negligent seaman's innocent employer. *Savoie*, 627 F.2d at 722–23. Even in the Fifth Circuit, however, a *negligent* shipowner can secure from a third-party tortfeasor contribution for maintenance and cure paid to a contributorily negligent seaman only to the extent of the third-party's proportionate share of fault. *Adams v. Texaco, Inc.*, 640 F.2d 618, 621 (5th Cir. Unit A 1981) ("Under the 'commonsense principle' that a party whose neglect has in part contributed to the need for maintenance and cure payments, that party should reimburse the costs of those payments to the extent occasioned by its fault.") We think that equity, as well as good sense, should serve to limit the liability of a third-party tortfeasor to its proportionate share of fault in *all* cases where reimbursement is sought for maintenance and cure. This sort of claim for reimbursement is nothing more than a claim for contribution under well-settled admiralty principles. *See id.* Of course, *total contribution*, often called *indemnity*, is owed to the shipowner-employer where a third-party tortfeasor is entirely at fault.

The district court's order denying to Red Star any reimbursement from Mobil for counsel fees incurred in defending the action is affirmed. There was no contractual basis for such an award, and we decline to

require contribution for attorney's fees in a situation such as that presented here. We also would deny reimbursement for counsel fees expended in seeking contribution for maintenance and cure.

Reversed and remanded to the district court, with instructions to enter judgment in favor of Red Star Towing and Transportation Co., Inc. against Mobil Oil Corp. in the sum of $3,400, representing that portion of the maintenance and cure paid by Red Star that is proportionate to Mobil's share of the damages sustained by the plaintiff, Andrew G. Black.