James **STAFFER**, Plaintiff,

v.

**BOUCHARD TRANSPORTATION CO., INC. and Frederick E. Bouchard, Inc., Defendants.**

**BOUCHARD TRANSPORTATION CO., INC., and Frederick E. Bouchard, Inc., Third–Party Plaintiffs,**

v.

The **STATEN ISLAND HOSPITAL** and Joseph A. Suarez, Third–Party Defendants.

**No. 86 Civ. 5317 (JES).**

United States District Court, S.D. New York.

Oct. 18, 1988.

---

Friedman & Biondi, New York City, for plaintiff; Bernard D. Friedman, of counsel.

Barry, McTiernan & Moore, New York City, for third-party defendants; Michael F. Close, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

In this action, plaintiff James Staffer sued Bouchard Transportation Co., Inc., and Frederick E. Bouchard, Inc. ("defendants" or "employer") under the Jones Act, 46 U.S.C.App. § 688 (1982), for injuries sustained on defendants' tugboat. Defendants asserted a third-party claim against the Staten Island Hospital and Joseph A. Suarez ("third-party defendants") for contribution because Bouchard claimed that the third-party defendants' malpractice had aggravated plaintiff's injuries, for which it was responsible to plaintiff. Plaintiff did not assert a direct claim against the third-party defendants. The main action and third-party actions were tried separately and a final judgment was entered on May 31, 1988.[1]

The jury in the main action addressed the issue of defendants' negligence in causing plaintiff's injury on the tugboat. That jury found that the vessel was unseaworthy but that plaintiff's own conduct had played a thirty-five percent part in causing his injury on the vessel. The jury in the third-party action addressed the issue of third-party defendants' medical malpractice. That jury found that Dr. Suarez was negligent in his treatment of plaintiff but that the contributory negligence of plaintiff and Bouchard Transportation was a ten percent cause of plaintiff's injuries.

Following trial of the third-party action, plaintiff commenced a direct action against third-party defendants in New York Su-preme Court, Richmond County, alleging medical malpractice. Third-party defendants then moved pursuant to Fed.R.Civ.P. 59(e) to alter or amend the federal court judgment to enjoin further action by plaintiff against them in New York state court. For the reasons that follow, that motion is denied.

Under 28 U.S.C. § 2283 (1982), a federal court may enjoin proceedings when necessary "to protect or effectuate its judgments," *i.e.*, where the continuation of the state court proceedings may undermine the collateral estoppel or res judicata effect of the federal judgment. *See Chick Kam Choo v. Exxon Corp.*, — U.S. —, 108 S.Ct. 1684, 1689–90, 100 L.Ed.2d 127 (1988); *Amalgamated Sugar Co. v. NL Industries, Inc.*, 825 F.2d 634, 639 (2d Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 511, 98 L.Ed.2d 511 (1987). Res judicata, or claim preclusion, precludes relitigation of a claim where the earlier decision was a final judgment on the merits in a case involving the same parties or their privies, and where the same cause of action is asserted in a later proceeding. *See Amalgamated Sugar Co., supra*, 825 F.2d at 639. Here, plaintiff concededly never sued third-party defendants in the federal action. However, third-party defendants argue that principles of res judicata should bar plaintiff's state court action because plaintiff could have sued the third-party defendants in the federal court.

However, even assuming *arguendo* that the federal court would have had pendent jurisdiction over plaintiff's claims against third-party defendants, had that claim been asserted in the federal action, there is no support for the argument that a plaintiff must sue all persons who may be liable to him in the same action to avoid the res judicata effects of a judgment in that action. In fact, the general rule is that a plaintiff may sue one or all joint tortfeasors as he sees fit, which is why third-party claims are frequently asserted. Moreover, the language of Fed.R.Civ.P. 14

---

1. The judgment awarded plaintiff $480,650.30 from defendants. Defendants were awarded $462,489.98 against third-party defendant Jo-seph A. Suarez. The third-party action against Staten Island Hospital was dismissed.

argues strongly against that contention. Rule 14 states that a plaintiff *may*, not *must*, assert a claim directly against a third-party defendant. *See* Fed.R.Civ.P. 14(a). Had the rule contemplated that a plaintiff be required to assert a claim directly against a third-party defendant, as in fact Fed.R.Civ.P. 13(a) requires with respect to compulsory counterclaims, permissive language would not have been used.[2]

Nor is there any special relationship between the plaintiff, Bouchard, and Dr. Suarez that would justify binding plaintiff by the judgment entered in the third-party action. Plaintiff and his employer are not alleged to have been in a relationship of privity nor are they alleged to have conspired in any way. *Cf. Cahill v. Arthur Andersen & Co.*, 659 F.Supp. 1115, 1120–21 (S.D.N.Y.1986), *aff'd*, 822 F.2d 14 (2d Cir. 1987). Indeed, the only relationship between these parties is an antagonistic and adversarial relationship arising out of the plaintiff's injury, the defendants' negligence, and Dr. Suarez' malpractice.

This case is therefore unlike *Jeanes v. Henderson*, 688 S.W.2d 100 (Tex.1985), relied upon by third-party defendants, where the Court allowed a non-party to take advantage of the claim preclusive effect of a prior judgment because there was a contractual relationship between the party sued in the first action and the party seeking to invoke res judicata. *See id.* at 105–06.

In sum, all that is present here is an assertion that the alleged malpractice aggravated plaintiff's injury and thereby increased the damage to plaintiff resulting from his employers' negligence. That circumstance is not legally sufficient to preclude plaintiff from litigating an issue he

neither in fact litigated nor was legally obliged to litigate in the federal court. While it is true that plaintiff and the third-party defendants may each be properly estopped on some issues tried in the federal court which they *actually litigated* even though the other party may not be similarly estopped, *see Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 973–74, 59 L.Ed.2d 210 (1979), this lack of mutuality of estoppel is no basis for enjoining the state court proceedings. In any event, in the absence of any showing that the state court will not respect this estoppel effect, there is no basis to enjoin the state proceedings.

For the reasons stated above, the motion to amend the judgment pursuant to Fed.R. Civ.P. 59(e) is denied.

It is SO ORDERED.

---

**2.** A non-party is generally not required to intervene in a pending action merely because the litigation presents matters affecting the non-party. *See Staten Island Rapid Transit Operating Auth. v. Interstate Commerce Comm.*, 718 F.2d 533, 543 (2d Cir.1983). *National Wildlife Federation v. Gorsuch*, 744 F.2d 963 (3d Cir.1984), relied upon by third-party defendants, does not support the proposition that the plaintiff was obliged to assert a claim against a third-party defendant. That case did not even involve a claim that a plaintiff was precluded from bring-

ing an action against a party because it had not directly sued that third-party in an earlier action. Instead, that case dealt only with a refusal to permit a collateral attack on consent decrees where there had been an unappealed denial of a motion to intervene and where those consent decrees established only interim relief. *Id.* at 971. Moreover, the Court noted that plaintiff would later have an opportunity to participate in administrative proceedings which would finally resolve the environmental issues raised. *Id.*