Dale J. SAVOIE, Plaintiff,

v.

LAFOURCHE BOAT RENTALS, INC.,
Defendant–Appellee,

v.

LOFFLAND BROTHERS COMPANY,
Defendant–Appellant.

No. 79–4054
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Oct. 9, 1980.

Caffery, Oubre, Gibbens & Blackwell, John Blackwell, New Iberia, La., for defendant–appellant.

Terriberry, Carroll, Yancey & Farrell, David B. Lawton, Rufus C. Harris, New Orleans, La., for defendant–appellee.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

PER CURIAM:

In this case we hold that a seaman's innocent employer is entitled to reimbursement from a third party for maintenance and cure payments made necessary by the third party's negligence, even though the seaman himself was partially responsible for his injury. The judgment appealed from is affirmed.

The case arises from the following facts. Dale J. Savoie was employed as the captain of the C/B MISS DETTE, a crew boat owned and operated by Lafourche Boat Rentals, Inc. Lafourche was hired by Loffland Brothers Company to transport crews and supplies to a Loffland barge known as LOFFLAND 154. On February 24, 1977, while the MISS DETTE was detailed to Loffland, Savoie boarded the Loffland barge to eat and watch television. Early

the following morning, he attempted to descend a flight of stairs on the barge. The stairway in question was well–lighted, but a metal beam protruded at an inconvenient height above the stairs; Savoie, measuring approximately six feet two inches in height, could not use the stairway without ducking to avoid the beam. Although Savoie had used the stairway before, he apparently forgot about the beam on this occasion, for he struck his head against it while attempting to descend the stairs and fell down the stairway to the deck below. Savoie sustained serious injuries from the fall, and required approximately $20,000 in medical services.

Savoie brought suit against his employer, Lafourche, and against Loffland, the owner of the barge. Ultimately, Savoie received maintenance and cure payments from Lafourche and relinquished his other claims. Asserting that Loffland was responsible for Savoie's injuries, Lafourche sought reimbursement from Loffland for the maintenance and cure payments. The trial court found that both Loffland and Savoie were negligent, and awarded Lafourche the full amount it paid to Savoie. Loffland has appealed that judgment.

▮ Loffland does not dispute that, absent Savoie's negligence, it would be liable to Lafourche for the maintenance and cure payments to Savoie. It is well established in this circuit that an innocent employer is entitled to indemnification from a negligent third party for payments made to an employee injured as a result of the third party's negligence. *See Tri–State Oil Tool Industries, Inc. v. Delta Marine Drilling Co.*, 410 F.2d 178, 186 (5th Cir. 1969). Loffland asserts, however, that Savoie's contributory negligence distinguishes this case from *Tri–State*. It claims that, despite its negligence, it is not liable because Savoie was at least partly responsible for his own injury. Loffland argues that Savoie's negligence should be attributed to his employer, and that, as a result, Lafourche's right to indemnity is barred by the negligence imputed to it.

Loffland's imputed negligence theory, however, does not distinguish the *Tri–State* holding. In *Tri–State* the court found that the employer, whose vessel had been equipped with defective machinery supplied by a third party, was passively negligent. 410 F.2d at 180. The *Tri–State* court concluded that an actively negligent third party is liable for maintenance and cure, not only when the seaman's employer is wholly innocent, but also when the employer is passively negligent. *Id.* at 186. Applying this analysis to the present case, any negligence imputed to Lafourche is, at most, passive negligence. Like the employer in *Tri–State*, Lafourche would be negligent only by virtue of an imputation of the negligence of another, in this case the negligence of Savoie. Thus, even if Savoie's negligence can be imputed to Lafourche–an issue we do not decide–Loffland still must indemnify Lafourche under *Tri–State's* active/passive negligence doctrine.

Loffland also argues that the mere fact of Savoie's contributory negligence, regardless of any negligence imputed to Lafourche, absolves Loffland of its responsibility to indemnify Lafourche. Such an argument is unavailing. This court already has held that an employer is entitled to indemnity from a negligent third party even when the employee was contributorily negligent. In *Thibodeaux v. Texas Eastern Transmission Corp.*, 548 F.2d 581 (5th Cir. 1977), the court found that a third party was negligent in permitting welding hoses to obstruct a passageway, and that an employee of the defendant was contributorily negligent in tripping over the hoses. *Id.* at 584, 586. Without explicit discussion of the contributory negligence issue, the court held that the employer was entitled to indemnity from the third party for maintenance and cure payments made to its employee. *Id.* at 587.

Indemnification of the innocent employer is based on the commonsense principle that a party whose neglect has caused or contributed to the need for maintenance and cure payments should reimburse the cost of those payments, which would otherwise be borne by a non–negligent or passively negli-

724

gent employer. As the court pointed out in *Tri–State Oil Tool Industries, Inc. v. Delta Marine Drilling Co., supra,* "[i]t would be wrong to assess damages against a non—negligent or passively negligent shipowner for loss or injuries suffered solely as the result of active negligence of another party". 410 F.2d at 186. In the context of maintenance and cure payments, this rationale is unaffected by the employee's negligence. Maintenance and cure payments are a special prerogative afforded to seamen by admiralty law. Except in cases of willful misconduct, the employee's negligence has no effect on his entitlement to maintenance and cure. His employer must furnish maintenance and cure regardless of the employee's sole or contributory negligence, and indeed, regardless of whether the seaman's injury arises out of his employment. *See, e. g., Vella v. Ford Motor Co.,* 421 U.S. 1, 3–4, 95 S.Ct. 1381, 1383, 43 L.Ed.2d 682, 685 (1975); *The Tawmie,* 80 F.2d 792, 794 (5th Cir. 1936). Because the employer will have to pay maintenance and cure regardless of the existence or degree of his employee's neglect, a negligent third party who caused or contributed to the employee's injury should reimburse the employer for this inevitable expense, even though the employee was partially to blame. As between the innocent employer and the partially negligent third party, the latter should bear the burden of such payments in the same manner a joint tort–feasor is liable to the injured victim of concurrent delicts. Savoie's contributory negligence does not relieve Loffland of liability for the maintenance and cure payments Savoie received from his employer.

Alternatively, Loffland contends that the amount of its liability should be reduced because of Savoie's negligence. We reject this contention. Just as a seaman's negligence does not vitiate his entitlement to maintenance and cure, neither does it reduce the amount to which he is entitled. Because Lafourche will have to pay full maintenance and cure to Savoie, Loffland must reimburse Lafourche for the entire payment made.

█ The remaining argument offered by Loffland is without merit. Loffland asserts that the trial court should not have permitted Lafourche to introduce a deposition of an expert witness taken by Loffland's attorney. Loffland contends that, because the deposition was identified as being taken for discovery purposes, it could not be used at trial to supply evidence that Loffland was negligent. To support this novel theory, Loffland suggests that discovery will be discouraged if "discovery" depositions of expert witnesses can be used at trial against the deposing party. Loffland cites no authority, and we know of none, in support of the proposition that discovery depositions may not be used at trial against the party who conducted them. On the contrary, Federal Rule of Civil Procedure 32 provides that depositions of witnesses "may be used by any party for any purpose if the court finds: . . . (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States". Fed.R.Civ.P. 32(a)(3). The record clearly reflects that the trial court, upon stipulation of the parties, found that the deponent whose deposition Loffland seeks to exclude was out of the country.

The judgment appealed from is

AFFIRMED.