**Robert J. ADAMS, Plaintiff,**

v.

**TEXACO, INC., Defendant-Appellant,**

v.

**L & R EYMARD, INC., et al.,
Defendants-Appellees.**

No. 80–3141.

United States Court of Appeals,
Fifth Circuit.
Unit A

March 23, 1981.

---

Fred E. Salley, New Orleans, La., for defendant-appellant.

Terriberry, Carroll, Yancey & Farrell, R. Joshua Koch, Jr., Rufus C. Harris, Jr., New Orleans, La., for L & R Eymard, Inc.

Before GEE, TATE and WILLIAMS, Circuit Judges.

TATE, Circuit Judge:

The appeal before us presents but a single issue: Where a shipowner whose negligence has contributed to the injury has paid maintenance and cure benefits to an injured (and contributorily negligent) seaman, is that shipowner entitled to contribution for maintenance and cure from a third-party joint tortfeasor whose negligence likewise contributed to the injury? The district court held that the shipowner *is* entitled to contribution under that circumstance. We affirm.

The issue arises in the context of the following facts:

The plaintiff Adams was injured while working as a master of the defendant Eymard's crewboat, at a time when it was under contract with the defendant Texaco to service the latter's offshore operations. Adams sued both Eymard and Texaco under the Jones Act and the general maritime law. The defendants filed cross-claims against one another for indemnification and contribution. Prior to trial, Adams and Eymard, the shipowner, settled his claim. In the jury trial of Adams' claim against Texaco, his damages were fixed at $25,000, and he was found to have been 70% contributorily negligent, with each of the two defendants (Eymard and Texaco) being found to have been 15% negligent. At the bench trial of the cross-claims, the court found neither party entitled to indemnification, but Texaco was ordered to pay Eymard, by

way of contribution, 15% of the maintenance and cure that Eymard had paid under the settlement judgment.[1]

Texaco's appeal questions solely the trial court's order that it, as joint tortfeasor, pay, by way of contribution, a portion of the maintenance and cure paid by Eymard, as shipowner, proportionate to Texaco's fault (15%) in the causation of the accident.

## I

Maintenance and cure benefits for which a shipowner is liable are designed to provide seamen with food and lodging when they become sick or injured in the ship's services. *Vaughn v. Atkinson*, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962); 2 Norris, The Law of Seamen § 542 (3d ed. 1970). The shipowner's obligation to pay maintenance and cure to an injured seaman is not based on fault but results from the relationship of ship and seaman. *Isthmian Lines, Inc. v. Haire*, 334 F.2d 521 (5th Cir. 1964); *Solet v. M/V Capt. H.V. Dufrene*, 303 F.Supp. 980 (E.D.La.1969); 2 M. Norris, *supra*, § 547.

Although it is the shipowner's duty to pay for the seaman's maintenance and cure, we have held that he has a right to complete indemnity from a third party whose fault or negligence was the sole cause of the seaman's injury. *Savoie v. Lafourche Boat Rentals, Inc.*, 627 F.2d 722 (5th Cir. 1980); *Tri-State Oil Tool Indus., Inc. v. Delta Marine Drill Co.*, 410 F.2d 178 (5th Cir. 1969); *Richardson v. St. Charles-St. John the Baptist Bridge & Ferry Authority*, 284 F.Supp. 709 (E.D.La.1968). Furthermore, despite a seaman's own contributory negligence, a non-negligent shipowner is still entitled to indemnity from a

third-party tortfeasor. *Savoie, supra.* The underlying rationale granting the shipowner indemnity in these cases is that the burden of maintenance and cure should be borne by the tortfeasor, not an innocent shipowner. G. Gilmore and C. Black, The Law of Admiralty § 6–14 (2d ed. 1975).[2]

The instant case presents a slightly different aspect to the cited decisions requiring a solely negligent tortfeasor to indemnify a non-negligent shipowner for maintenance and cure payments made to a seaman injured because of the tortfeasor's fault. Here, not only was Adams (the seaman) contributorily negligent and Texaco (the third person tortfeasor) causally negligent, but the negligence of the shipowner, Eymard, itself causally contributed to the injury.

## II

The issue, then, becomes not whether Eymard is entitled to indemnity, under the decisions previously cited,[3] but rather whether Eymard can secure contribution for the maintenance and cure payments made necessary through both Texaco's and its own negligence.

This court has already held that a tortfeasor is required to indemnify the non-negligent shipowner for maintenance and cure payments that result from the tortfeasor's negligence. As we stated in *Savoie*, "[i]ndemnification of the innocent employer is based on the commonsense principle that a party whose neglect has caused or contributed to the need for maintenance and cure payments should reimburse the cost of those payments, which would otherwise be borne by a non-negligent or passively negligent employer." 627 F.2d at 627–28.

---

1. The district court determined that L & R Eymard, Inc., had paid Adams $17,041.00 for maintenance and cure, and ordered contribution in favor of Eymard and against Texaco in the amount of $2,556.15.

2. As the district court stated in Richardson: [I]mposition of liability on the tortfeasor for maintenance and cure is not too "indirect" a consequence of his negligence to allow recovery. The shipowner's obligation—imposed

by the law itself—is not so unforeseeable by a tortfeasor as to bar recovery. This is not a private contractual obligation undertaken by the shipowner.
284 F.Supp. at 716.

3. Since the defendants are joint tortfeasors, no indemnification on the theory of active-passive negligence is possible. *Thibodeaux v. Texas Easter Transmission Corp.*, 548 F.2d 581 (5th Cir. 1977).

■ This rationale equally supports the conclusion that a concurrently negligent tortfeasor should proportionately contribute to maintenance and cure paid by a negligent shipowner when the latter's negligence only concurrently contributed to the seamen's injury. Under the "commonsense principle" that a party whose neglect has in part contributed to the need for maintenance and cure payments, that party should reimburse the costs of those payments to the extent occasioned by its fault. This is in accord with the general principle in admiralty that requires contribution between those jointly at fault or jointly responsible. See, e. g., *Cooper Stevedoring Co. v. Fritz Kopke, Inc.*, 417 U.S. 106, 94 S.Ct. 2174, 40 L.Ed.2d 694 (1974) (contribution allowed between joint tortfeasors in a non-collision maritime case); *Gooden v. Sinclair Refining Company*, 378 F.2d 576 (3rd Cir. 1967) (contribution allowed between shipowners with co-extensive maintenance and cure obligations.)

■ In this circuit, the previously cited decisions enunciating the rationale permitting indemnification have rejected the contention now raised by the defendant tortfeasor in a contribution instead of indemnity context: that the shipowner's liability for maintenance and cure arises out of the employment contract with the seaman so that the shipowner would be liable whether or not the third person's injury-contributing conduct was negligent; thus, this contractual cause for the owner's maintenance and cure responsibility is independent of the tort, and the tortfeasor's conduct was a remote and legally non-contributory cause of the shipowner's maintenance and cure responsibility.[4] We are not persuaded that this contention should require a different result when contribution instead of indemnity is sought.[5]

*Conclusion*

Accordingly, we AFFIRM the judgment of the district ordering the tortfeasor to contribute proportionately to the maintenance and cure payment to the injured seaman previously made by the concurrently negligent shipowner.

AFFIRMED.

---

4. For reasons similar to those rejected by us, at least two circuits do not require a solely negligent tortfeasor to indemnify a shipowner for maintenance and cure payments resulting from the tortfeasor's fault.

5. Texaco further suggests that it is not liable for maintenance and cure paid by Eymard (pursuant to its settlement with Adams) because these payments formed no part of the $25,000 jury award. A similar contention was presented to, and rejected by, this circuit in *Wisconsin Barge Line, Inc. v. Barge CHEM. 300*, 546 F.2d 1125 (5th Cir. 1977). Eymard's settlement with Adams does not affect Texaco's liability to proportionately reimburse Eymard for its maintenance and cure payments.