Aaron WALTERS

v.

HARVEY GULF INTERNATIONAL, INC., et al.

Civ. A. No. 82–1841.

United States District Court, E.D. Louisiana.

Oct. 12, 1983.

Charles W. Dittmer, Jr., Domengeaux & Wright, New Orleans, La., for plaintiff.

Robert A. Vosbein, Adams & Reese, New Orleans, La., for defendants.

## OPINION AND ORDER

McNAMARA, District Judge.

On February 18, 1982, Aaron Walters, the master of the barge SUDSUR ELEVATOR, sustained personal injuries when the tug HARVEY CHALLENGER collided

with his vessel in Tiger Pass, near the mouth of the Mississippi River. Elevating Boats, Inc., the owner of the SUDSUR ELEVATOR, paid maintenance and cure of $8,886.75 directly to the injured seaman. Walters received additional cure payments of $5,838.72 from a Blue Cross group insurance policy, the premiums of which were paid entirely by Elevating Boats, Inc. The sole issue left for determination is whether Elevating Boats is entitled to indemnification from the owners of the HARVEY CHALLENGER, Harvey Gulf International, Inc. and Harvey Challenger, Inc. (hereinafter referred to collectively as Harvey Gulf) for the cure payments made by Blue Cross.[1]

The shipowner is obligated to pay maintenance and cure to a seaman who is injured or becomes ill while in the service of the ship, regardless of the cause of his disability. *Adams v. Texaco, Inc.,* 640 F.2d 618, 620 (5th Cir.1981). This otherwise steadfast rule of maritime law has two corollaries: (1) The shipowner is relieved of the obligation to pay maintenance and cure if it is furnished by others at no expense to the seaman. *Vaughn v. Atkinson,* 369 U.S. 527, 533, 82 S.Ct. 997, 1001, 8 L.Ed.2d 88 (1962); *Johnson v. United States,* 333 U.S. 46, 50, 68 S.Ct. 391, 394, 92 L.Ed. 468 (1948); *Marine Drilling, Inc. v. Landry,* 302 F.2d 127, 128 (5th Cir.1962); *Gauthier v. Crosby Marine Service, Inc.,* 536 F.Supp. 269, 270 (E.D.La.1982); (2) A non-negligent shipowner who pays maintenance and cure has a right to complete indemnity from a third party whose fault or negligence caused or contributed to the seaman's injury. *Savoie v. Lafourche Boat Rentals, Inc.,* 627 F.2d 722, 723 (5th Cir. 1980); *Jones v. Waterman Steamship Corp.,* 155 F.2d 992, 1000–01 (3rd Cir.1946); *Richardson v. St. Charles—St. John Baptist Bridge & Ferry Authority,* 284 F.Supp. 709, 716 (E.D.La.1968). *See also Adams,* 640 F.2d at 621 (contributorily negligent shipowner is entitled to contribution

---

1. The parties stipulated that Harvey Gulf was the sole tort-feasor and as such, owes indemnity to Elevating Boats for the maintenance and cure

payments made directly by the shipowner. *See* Page 7 *infra.*

**8**

from other tortfeasor for proportionate share of maintenance and cure).[2]

■ Despite the fact that Blue Cross has shouldered a portion of Elevating Boats' burden of paying cure, the shipowner maintains that the collateral source rule compels Harvey Gulf to indemnify Elevating Boats for the cure payments made by Blue Cross. Since the cure payments by Blue Cross were "at no expense to the seaman", Elevating Boats is relieved of paying that portion of Walter's cure award, *Vaughn*, 369 U.S. at 533, 82 S.Ct. at 1001; *Gauthier*, 563 F.Supp. at 270, and Walters can not rely on the collateral source rule to compel such payment where as in this case, the Blue Cross policy is the equivalent of maintenance and cure. *Shaw v. Ohio River Co.*, 526 F.2d 193, 201 (3rd Cir.1975); *Haughton*, 462 F.2d 788, 791 (5th Cir.1972); *Gauthier*, 536 F.Supp. at 270.

■ Nor can Elevating Boats, as an indemnitee, rely on the collateral source rule to compel Harvey Gulf to indemnify Elevating Boats for payments it did not make. The collateral source rule guarantees a plaintiff recovery of the full measure of his damages from a tortfeasor; it does not allow a plaintiff (even one who is an indemnitee) to recover an award beyond his actual damages. In this case, the actual damages of Elevating Boats was $8,886.75, the amount it paid in maintenance and cure. As an indemnitee, Elevating Boats' recovery against the indemnitor is limited to the amount actually paid by the indemnitee. Restatement of Restitution § 80 (1937); 42 C.J.S. *Indemnity* § 24 (1944 & 1983 Supp.). *See also Savoie*, 627 F.2d at 723–24 and *Richardson*, 284 F.Supp. at 717 (limiting indemnitee's recovery to amount actually paid).

■ Nor can it be said that Elevating Boats is subrogated to the rights of Blue Cross. Subrogation flows from the insured's right of indemnity against a tortfeasor to an insurer who originally paid the claim. *Corbin v. Aetna Life & Casualty Co.*, 447 F.Supp. 646, 652 (N.D.Ga.1978); *Joe E. Freund, Inc. v. Insurance Co. of North America*, 261 F.Supp. 131, 132 n. 1 (W.D.La.1966), aff'd. 370 F.2d 924 (5th Cir. 1967); *Couch on Insurance 2d* § 62:187 (1983).[3]

Article VII(F) of the policy in question provides:

> In the event of any payment under this Contract, the Plan will be subrogated to all the Member's rights of recovery to the extent of such payment against any person or other legal entity. The Member will execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Member shall do nothing after loss to prejudice such rights.

Article I(T) defines "Member" as follows:

> "Member" means the Employee, who signs the application which has been accepted by the Plan and who is actively employed by the Group, performing duties of his employment on the date of acceptance, and his Dependent(s).

Under the Blue Cross policy, Elevating Boats is neither the insurer nor the insured, but merely a policy holder. In this case, subrogation is a prerogative that belongs to, if anyone, Blue Cross, not Elevating Boats. *See also Brinson v. Brinson*, 334 F.2d 155 (4th Cir.1964); *Couch on Insurance 2d* § 82:1 (1968).

Accordingly, the claim for indemnity by Elevating Boats from Harvey Gulf beyond the $8,886.75 actually paid by Elevating Boats is DENIED.

---

**2.** As noted in *Adams*, 640 F.2d at 621 n. 4, two circuits do not require a solely negligent tortfeasor to indemnify and shipowner for maintenance and cure payments resulting from the tortfeasor's fault. *See United States v. Gallagher*, 467 F.2d 1103 (9th Cir.1972), which follows *The Federal No. 2*, 21 F.2d 313 (2nd Cir.1927). *See also* G. Gilmore & C. Black, *The Law of*

*Admiralty* § 6–14 (2d Ed.1975) for a discussion of the conflict among the circuits.

**3.** "The principles of subrogation, concerned in equity and nurtured by common law, have also been adopted in admiralty", *Continental Casualty Co. v. Canadian Universal Insurance Co.*, 605 F.2d 1340, 1344 (5th Cir.1979), *cert. denied* 445 U.S. 929, 100 S.Ct. 1317, 63 L.Ed.2d 762 (1980).

Counsel for Harvey Gulf will now submit a proposed judgment consistent with this Order and the previous stipulations of the parties.