**In the Matter of the Complaint of ASSOCIATED ELECTRIC COOPERATIVE, INC., a corporation, for exoneration from or limitation of liability, Appellant,**

v.

**In the Matter of MID–AMERICA TRANSPORTATION COMPANY, Owner of BARGE MAT–704, in a cause for exoneration from and/or limitation of liability, Appellee,**

**Teddy and Joyce Teasley, Appellees.**

**No. 89–2625.**

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1990.
Decided April 26, 1991.

Robert Nienhuis, St. Louis, Mo., for appellant.

Michael D. O'Keefe, St. Louis, Mo., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

McMILLIAN, Circuit Judge.

Associated Electric Cooperative ("Associated" or "AEC") appeals from two orders entered in the United States District Court[1] for the Eastern District of Missouri dismissing AEC's claims against Mid-America Transportation Company ("Mid-America" or "MATCO") and lifting an injunction which prohibited Teddy and Joyce Teasley from suing AEC in the Missouri state courts. *See In re Associated Electric Cooperative, Inc.,* Consolidated Cause No. S87–0022–A (E.D.Mo. Feb. 22, 1989) (separate orders dismissing AEC's claims against MATCO and allowing the Teasleys to sue AEC in state court) (*Associated*). For reversal, AEC argues that the district court's orders were erroneous on the merits and that numerous procedural irregularities constituted reversible error. For the reasons stated below, we affirm.

## I.

On February 27, 1986, Teddy Teasley, an AEC employee, was adjusting cables on several barges moored at one of AEC's

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

power plants. While Teasley was working aboard a barge owned by MATCO, the barge unexpectedly moved. As a result, Teasley lost his balance, fell, and was injured. AEC alleges that Teasley fell because MATCO's barge did not have a handrail, while MATCO alleges that Teasley fell because AEC's employees negligently failed to warn him that the barge was about to move.

After Teasley's injury, AEC partially compensated him with disability and "maintenance and cure" payments[2] but did not settle the Teasleys' possible claims for damages. In 1987, both AEC and MATCO filed "limitation of liability" actions pursuant to 46 U.S.C.App. § 185 (1988). Section 185 allows vessel owners to petition the district court for limitation of liability by filing a sum equal to the amount of their interest in the vessel with the court. The district court then issued an injunction which barred the Teasleys from filing suit in any other proceeding. The Teasleys accordingly filed negligence claims against AEC and MATCO in the limitation proceedings in federal court. These claims requested compensation for expenses which occurred after Mr. Teasley's maximum possible recovery, as well as for pain and suffering and loss of consortium. AEC then filed claims for maintenance and cure, contribution and indemnity in MATCO's limitation action, and requested similar relief in its own limitation proceeding.

On February 3, 1989, the Teasleys moved (for the second time)[3] to lift the injunction which barred them from filing suit in state court. On February 16, 1989, the Teasleys settled their claims against MATCO. The settlement agreement provided that MATCO would pay the Teasleys $50,000 and was conditioned upon the dismissal of AEC's claims against MATCO. The dis-

trict court then requested letter briefs regarding the Teasleys' motion and the Teasley/MATCO settlement. After receiving such briefs, the district court issued two orders. The district court lifted the injunction which prohibited the Teasleys from suing AEC in state court because the Teasleys had filed all necessary stipulations and "pursuant to the Teasley's [sic] settlement with defendant MATCO, there exists only one claim to AEC's limitation fund." *See Associated* (Feb. 22, 1989) (order dissolving injunction). *See also Valley Line Co. v. Ryan*, 771 F.2d 366, 372–73 (8th Cir.1985) (*Valley Line*) (allowing admiralty claimant to sue in other fora where value of limitation fund exceeds total value of all claims asserted against shipowner, or where only one claim asserted against shipowner). The district court also summarily approved the Teasley/MATCO settlement, held it to be in good faith, and dismissed AEC's claims against MATCO with prejudice. *See Associated* (Feb. 22, 1989) (order approving settlement). Neither order made formal findings of fact or conclusions of law. AEC then moved to alter or amend the district court's judgment. The district court summarily denied AEC's motion. This appeal followed.

## II.

For reversal, AEC contends that the district court erred in (1) dismissing AEC's claims for indemnity and contribution against MATCO, (2) dismissing AEC's claims for maintenance and cure payments against MATCO, (3) allowing the Teasleys' suits against AEC to proceed in state court, (4) failing to make findings of fact or conclusions of law, and (5) committing numerous other procedural errors. Each argument will be addressed in turn.

2. "Maintenance and cure" is "the right of a seaman to food and lodging if he falls ill or becomes injured while in the service of the ship ... [and] the right to necessary medical services." T. Schoenbaum, *Admiralty and Maritime Law*, § 5–2 at 159 (1987). These payments must be made until the seaman's maximum possible recovery. *Id.* at 161–62. Thus, in order to recover expenses sustained after a diagnosis of permanent disability or intangible damages

such as pain and suffering, a seaman must file a separate suit for damages.

3. The Teasleys' first such motion was denied because the Teasleys had failed to stipulate that AEC's limitation fund was adequate to pay their claims. *See In re Associated Electric Cooperative, Inc.*, No. S 87–22 A(5), slip op. at 2 (E.D.Mo. Jan. 30, 1989).

## A.

AEC claims that the district court erred in dismissing its claims against MATCO because, under federal maritime law, a settlement between an injured seaman (Teasley) and one of two joint tortfeasors (MATCO) may not prejudice the rights of the other tortfeasor (AEC). In response, MATCO challenges AEC's interpretation of federal law and also relies on a Missouri statute providing that a settlement "shall discharge the tort-feasor to whom it is given from all liability for contribution or noncontractual indemnity to any other tort-feasor." Mo.Rev.Stat. § 537.060 (1986). AEC does not deny that Missouri law, if applicable, would bar its claims against MATCO, but contends that Missouri law conflicts with federal maritime law and that federal maritime law must prevail. Thus, we must decide (1) whether § 537.060 may be applied to MATCO's settlement with Teasley, and (2) if not, whether federal maritime law dictates a result similar to that required by § 537.060.

### 1.

■ As to the first issue, the case of *Daughtry v. Diamond M Co.*, 693 F.Supp. 856 (C.D.Cal.1988) (*Daughtry*), is on point. In *Daughtry*, two admiralty defendants negotiated a settlement with the plaintiff which barred all cross-claims by non-settling defendants. In support of the settlement, the settling defendants relied upon a statute virtually identical to § 537.060. *See* Cal.Civ.Proc.Code § 877 (Deering 1991) (providing that good faith settlement with one of several joint tortfeasors "shall discharge the party to whom it is given from all liability for any contribution to any other parties"). The district court rejected the settlement because "[d]irect application of a state settlement rule to maritime actions could subject non-settling defendants to varying rules of liability, depending on the forum chosen by plaintiff." *Daughtry*, 693 F.Supp. at 863. The district court explicitly declined "to suggest that any federal maritime settlement rule may not have the content of the California rule," *id.*, but held

that even a "*possible* conflict . . . prevents application of the state rule." *Id.* (emphasis added). The Ninth Circuit found the *Daughtry* court's analysis to be persuasive, *see Miller v. Christopher*, 887 F.2d 902, 903 (9th Cir.1989) (*Miller*) (even where federal case law divided, federal law applicable), and we agree. Accordingly, we hold that § 537.060 is not dispositive.

### 2.

■ In the present case, unlike *Daughtry*, the parties have discussed federal maritime law. *See Daughtry*, 693 F.Supp. at 863 (rejecting settlement instead of discussing federal maritime law, because parties had failed to address issue). Accordingly, we must decide whether a settling admiralty defendant (MATCO) may be sued for indemnity or contribution by a non-settling defendant (AEC).

The Ninth Circuit has identified three possible approaches to this problem:

(1) allowing an action for contribution against a settling tortfeasor by any other tortfeasor who has paid more than his equitable share of the plaintiff's claim; (2) imposing a bar to contribution claims against a settling tortfeasor, perhaps in conjunction with a requirement that the settlement be in "good faith"; and (3) reducing the claim of the plaintiff by the pro rata share of a settling tortfeasor's liability for damages, which has the effect of eliminating any reason to sue a settling tortfeasor for contribution.

*Miller*, 887 F.2d at 905, *citing* Restatement (Second) of Torts § 886A comment m (1979) ("Restatement"). AEC urges us to adopt the first approach (known as the "contribution" approach), while MATCO supports the second (known as the "contribution bar" approach). The third approach, generally referred to as the "proportional fault" approach, is acceptable to both AEC and MATCO.[4] *See* Brief for Appellant at 16; Mid–America Brief at 15.

There is no Supreme Court or Eighth Circuit authority directly on point, and the other circuits are divided. *See, e.g., Miller,*

4. The Teasleys' brief does not address this question.

887 F.2d at 905 (upholding a district court decision which denied "contribution upon a finding of good faith settlement, in effect following the [contribution bar] approach, but not necessarily precluding the [proportional fault] approach"); *Self v. Great Lakes Dredge & Dock Co.*, 832 F.2d 1540, 1545–48 (11th Cir.1987) (*Self*) (endorsing contribution bar approach), *cert. denied*, 486 U.S. 1033, 108 S.Ct. 2017, 100 L.Ed.2d 604 (1988), *on remand from Ebanks v. Great Lakes Dredge & Dock Co.*, 688 F.2d 716, 722 (11th Cir.1982) (*Ebanks*) (repudiating proportional fault approach because the non-settling defendant "could have obtained contributions against [the settling defendant], as it had already undertaken to do, in a different proceeding."), *cert. denied*, 460 U.S. 1083, 103 S.Ct. 1774, 76 L.Ed.2d 346 (1983); *Leger v. Drilling Well Control, Inc.*, 592 F.2d 1246 (5th Cir.1979) (*Leger*) (endorsing proportional fault approach); *Vaughn v. Marine Transport Lines, Inc.*, 723 F.Supp. 1126, 1131 (D.Md. 1989) (holding that question of which approach should be applied "must be resolved in the context of the particular circumstances presented by a particular type of case"); *Pacific Resources, Inc. v. Oswego Shipping Corp.*, 1984 A.M.C. 1276 (S.D.N.Y.1983) (endorsing contribution bar approach); *Doyle v. United States*, 441 F.Supp. 701, 710–13 & n. 5 (D.S.C.1977) (endorsing proportional fault approach). *See also* T. Schoenbaum, Admiralty and Maritime Law, § 4–15, at 153–54 (1987 ed.) (endorsing proportional fault approach).

Although there is no Supreme Court case directly on point, the case of *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 99 S.Ct. 2753, 61 L.Ed.2d 521 (1979) (*Edmonds*), may be relevant.[5] In *Edmonds*, a longshoreman was injured on a ship, due to negligence by his employer and the shipowner. The longshoreman recovered benefits from his employer under the Longshoreman's and Harbor Worker's Compensation Act, 33 U.S.C. § 901 *et seq.* ("the Longshoreman's Act"). He then sued the shipowner for negligence. At trial, the district court refused to reduce the longshoreman's award in proportion to the employer's fault, and the Supreme Court agreed, holding that at common law, "a longshoreman who is injured by the concurrent negligence of the [employer] and the ship may recover for the entire amount of his injuries from the ship." *Id.* at 266, 99 S.Ct. at 2759. The Court further held that recent amendments to the Longshoreman's Act did not alter the common law rule, and rejected the Fourth Circuit's holding to the contrary. *Id.* at 263–71, 99 S.Ct. at 2757–62.

Some courts, including one panel of the Fifth Circuit, have suggested that *Edmonds* overruled *Leger* (the key case supporting the proportional fault approach) and requires this court to apply the contribution bar approach. *See Myers v. Griffin–Alexander Drilling Co.*, 910 F.2d 1252, 1256 (5th Cir.1990); *Self*, 832 F.2d at 1546–48; *Joia v. Jo–Ja Service Corp.*, 817 F.2d 908, 916–17 (1st Cir.1987), *cert. denied*, 484 U.S. 1008, 108 S.Ct. 703, 98 L.Ed.2d 654 (1988). *But cf. Miller*, 887 F.2d at 906 (declining to decide whether proportional fault approach or contribution bar approach was better rule); *Loose v. Offshore Navigation, Inc.*, 670 F.2d 493, 502 (5th Cir.1982) (endorsing *Leger*); *Kizer v. Peter Kiewit Sons' Co.*, 489 F.Supp. 835, 839–40 (N.D.Cal.1980) (distinguishing *Edmonds* and applying *Leger*). We disagree. In *Edmonds*, the negligent party not present at trial (the longshoreman's employer) avoided tort liability by paying statutorily required benefits, rather than by settling

---

**5.** In addition, AEC cites several Supreme Court and Eighth Circuit cases in support of the proposition that admiralty law requires contribution among joint tortfeasors. However, none of these cases involves litigation between a settling tortfeasor and a non-settling tortfeasor. *See United States v. Reliable Transfer Co.*, 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975) (apportioning liability between defendant and contributorily negligent plaintiff); *Cooper Stevedoring Co., Inc. v. Fritz Kopke, Inc.*, 417 U.S. 106, 94 S.Ct. 2174, 40 L.Ed.2d 694 (1974) (requiring contribution between non-settling joint tortfeasors); *E.I. DuPont de Nemours & Co. v. Riverway Harbor Serv. St. Louis, Inc.*, 639 F.2d 404 (8th Cir.1981) (apportioning damages between actively and passively negligent defendants, neither of whom settled with plaintiff); *Pasco Mktg., Inc. v. Taylor Towing Serv., Inc.*, 554 F.2d 808 (8th Cir.1977) (same).

the longshoreman's claim. Thus, *Edmonds* does not involve the public policy considerations at issue in this case, such as the need to deter collusive settlements without deterring legitimate ones. Accordingly, we hold that *Edmonds* is not controlling.

We further hold that, as a matter of public policy, the *Leger* panel's proportional fault approach is the best of the three approaches discussed by the Restatement. Unlike the contribution bar approach, the proportional fault approach deters collusive settlements by limiting the plaintiff's recovery against non-settling defendants to a sum accurately reflecting such defendants' negligence. Unlike AEC's preferred approach allowing contribution suits, the proportional fault approach does not discourage defendants from settling by subjecting them to the risk of contribution suits from non-settling defendants. Admittedly, the proportional fault approach creates some risk that plaintiffs might either receive double recovery from a generous settlement or be deterred from settling because a plaintiff's settlement could be offset by a reduction at trial of his or her recovery. *See Leger*, 592 F.2d at 1248–50 (rejecting non-settling defendant's concerns about double recovery); Restatement § 886A comment m (expressing concern that proportional fault approach might deter settlement). Because some settlements are more favorable than others, we believe these risks balance each other out. *Cf. Leger*, 592 F.2d at 1250 n. 10 (noting that "[s]ettlement dollars may be worth more or less than judgment dollars, depending on which party received the more favorable settlement").

■ In sum, we hold that when the Teasleys' claims against AEC come to trial, the court should reduce "the claim that the injured party [Teasley] has against the oth-er tortfeasors [AEC] by the amount of the equitable share of the obligation of the released tortfeasor [MATCO]." Restatement § 886A comment m.[6] Accordingly, we hold that the district court correctly dismissed AEC's claims, because if the Teasleys' recovery against AEC reflects only AEC's own negligence, there is no reason why AEC should be able to proceed against MATCO. *See* Brief for Appellant at 15 (admitting that in cases applying the proportional fault rule, "the non-settling defendant was liable to the Plaintiff for only its own proportionate fault; therefore, it was appropriate to terminate the contribution and indemnity claims against the settling defendant").[7]

### B.

■ AEC next argues that even if the settlement between MATCO and the Teasleys bars its claims for indemnity or contribution from MATCO, the settlement does not affect its right to be reimbursed for maintenance and cure payments to Teasley because such rights are completely independent from Teasley's damages. *See Ray v. Lykes Bros. Steamship Co., Inc.*, 805 F.2d 552, 554 (5th Cir.1986) (noting that employer's suit against shipowner requesting reimbursement for Longshoreman's Act benefits paid to longshoremen was independent of longshoreman's suit against shipowner); *Adams v. Texaco, Inc.*, 640 F.2d 618 (5th Cir.1981) (where negligent shipowner settled maintenance and cure claim with injured seaman, negligent non-settling tortfeasor liable to shipowner for contribution) (*Adams*); *Savoie v. Lafourche Boat Rentals, Inc.*, 627 F.2d 722 (5th Cir.1980) (applying similar rule where settling party not negligent) (*Savoie*). We reject AEC's argument for two reasons. First, none of the cases cited by AEC in-

---

6. Of course, we assume that if the state courts have jurisdiction over the Teasleys' claim, they would follow the rule of federal law enunciated in this opinion, because federal admiralty law conflicts with and therefore preempts § 537.060. *See Sun World Lines, Ltd. v. March Shipping Corp.*, 801 F.2d 1066, 1068 (8th Cir. 1986) ("federal admiralty law applies to the exclusion of Missouri law").

7. We note that under the "proportional fault" approach, AEC is unaffected by the terms of MATCO's settlement with the Teasleys. Thus, we need not address AEC's claim that the settlement was not in good faith. *See* Reply Brief for Appellant at 5–6.

volves an indemnity suit by a non-settling defendant against a settling defendant. Thus, such cases do not implicate the public policy in favor of encouraging settlements. Second, the common law cases cited by AEC refer to the employer's action for maintenance and cure payments as suits for indemnity or contribution, rather than as wholly independent actions. *See Adams*, 640 F.2d at 620 ("The issue, then, becomes ... whether [the settling tortfeasor] can secure *contribution* for the maintenance and cure payments made necessary through both [the other tortfeasor's] and its own negligence") (emphasis added); *Savoie*, 627 F.2d at 723 (applying rule that "an innocent employer is entitled to *indemnification* from a negligent third party for payments made to an employee injured as a result of the third party's negligence") (emphasis added). Admittedly, MATCO's own pleadings characterized AEC's claim for maintenance and cure payments as one for "damages." However, we interpret these admissions as generic descriptions applicable even to indemnity and contribution claims.

Accordingly, we hold that AEC's claim for maintenance and cure payments is a claim for indemnity or contribution, and is therefore barred by the same proportional fault approach applicable to AEC's other claims for indemnity or contribution.

## C.

AEC also alleges that when the district court lifted its injunction prohibiting the Teasleys from filing suit in state court, the district court did so "without including necessary and proper conditions." Brief for Appellant at i. Because AEC does not specify the nature of these conditions, we reject AEC's claim without addressing the Teasleys' contention that AEC did not timely appeal the district court's order lifting the injunction. *Cf. Valley Line*, 771 F.2d at 372–73 (allowing admiralty claimants to

sue in state courts under certain circumstances).

## D.

AEC also challenges the district court's orders on the basis that the district court should have made findings of fact and conclusions of law as required by Fed. R.Civ.P. 41(b) and 52(a). Fed.R.Civ.P. 41(b) provides that after "the plaintiff, in an action tried by the court without a jury, has completed the presentation of evidence," the defendant may move to dismiss, and "[i]f the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a)." Rule 52(a) provides that in "all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon." AEC argues that because the district court's dismissal of its claims was a "judgment on the merits," it was required to make findings of fact and conclusions of law. We reject this argument for two reasons. First, Rule 52(a) "requires findings of fact only in nonjury trials and in orders granting or refusing interlocutory injunctions." *United States v. Cedar–Riverside Land Co.*, 592 F.2d 470, 472 (8th Cir.1979); *see also Kung v. FOM Investment Corp.*, 563 F.2d 1316, 1318–19 (9th Cir.1977) (findings required "only where trial has begun"). Because the district court's orders dismissed AEC's claims before trial, approved a settlement agreement, and lifted an injunction which had previously been entered, Rules 41(b) and 52(a) are inapplicable.[8] Second, the failure to make findings of fact and conclusions of law may be harmless error where, as here, most relevant facts are undisputed and the law can be applied without the district court's assistance. *See Koerpel v. Heckler*, 797 F.2d 858, 866 n. 4 (10th Cir. 1986) (citation omitted) (even though district court "should have elaborated on the facts which formed the basis for its conclusions ... [s]uch an omission is, however,

**8.** Because the district court's orders did not relate solely to the dismissal of AEC's claims, we reject MATCO's argument that the orders are exempt from Rules 41 and 52 as motions to

dismiss under Rule 12. *See* Fed.R.Civ.P. 52(a) (findings unnecessary as to motions under Rules 12 and 56).

harmless error because the record supports such findings"); *Huard–Steinheiser, Inc. v. Henry,* 280 F.2d 79, 84 (6th Cir.1960) ("the failure of the district court to put on record findings of fact and conclusions of law ... resulted in no prejudicial error. The record discloses clearly without necessity of findings the basis upon which denial of the injunction rested.").

In sum, we hold that the district court did not err in not making findings of fact in this case.

## E.

Finally, AEC complains about numerous other procedural irregularities, such as the district court's failure to set up a formal briefing schedule, require a formal motion by MATCO, explain its legal reasoning, engage in fact-finding as to the settlement's good faith, or issue a formal order denying AEC's motion to alter or amend the judgment. However, it has been held that a letter may constitute a valid motion. *See Bumpus v. Uniroyal Tire Co., Div. of Uniroyal, Inc.,* 392 F.Supp. 1405, 1406 (E.D.Pa.1975). Furthermore, AEC was allowed to (and did) file a letter brief in opposition to the settlement agreement. Thus, both sides were given a chance to explain their arguments, and the district court's failure to require the filing of formal motions was not reversible error. As AEC has cited no authority for the proposition that motions may not be disposed of summarily, we further hold that the district court did not err by failing to discuss its legal reasoning in detail.

Accordingly, the orders of the district court are affirmed.