UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 93-7572

IN THE MATTER OF THE COMPLAINT OF LIBERTY SEAFOOD, INC.
AS OWNER OF THE F/V GLORIA B FOR EXONERATION FROM AND OR
LIMITATION OF LIABILITY.


LIBERTY SEAFOOD, INC.,

Appellee,

VERSUS

HERNDON MARINE PRODUCTS, INC.,

Claimant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____
(November 10, 1994)

Before HIGGINBOTHAM, JONES and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

One of the results of an allision, for which the crews of both vessels were found at fault, was that seamen were injured on one vessel and, therefore, received maintenance and cure; and the sole issue is whether the shipowner/employer who made those payments has a right to reimbursement from the other shipowner for part of those payments, even though the latter settled with the seamen on their damages claims. Herndon Marine Products, Inc., appeals from the Rule 12(b)(6) dismissal of its claim against Liberty Seafood, Inc., for reimbursement of part of the maintenance and cure Herndon paid its employees. Our holding that Herndon has stated a claim is compelled by our very recent decision in *Bertram v. Freeport Moran,*

*Inc.*, No. 93-7575, slip op. 318 (5th Cir. Oct. 7, 1994). Accordingly, we **REVERSE**.

                                    I.

In the Gulf of Mexico in 1991, Liberty's vessel drifted into Herndon's anchored vessel, causing damage to both and injury to the three seamen aboard Herndon's vessel. Because of the seamen's injuries, Herndon was required to pay them maintenance and cure.[1]

Liberty filed an exoneration and limitation action, pursuant to 46 U.S.C. § 181 *et seq.*, and Rule F, Fed. R. Civ. P., Supplemental Rules for Certain Admiralty and Maritime Claims. In addition to responding to Liberty's claim, the injured Herndon seamen filed claims against Liberty for negligence and unseaworthiness; and Herndon filed claims against it for (1) indemnity and contribution for the maintenance and cure and for the costs of defending actions brought by the seamen, and (2) damages resulting from the loss of use of, and damage to, Herndon's vessel.

Prior to trial, Liberty settled with the three seamen and each of those claims was dismissed with prejudice. Pursuant to Fed. R. Civ. P. 12(b)(6) (failure to state a claim), Liberty then moved to dismiss Herndon's claims for indemnity and contribution, contending that Herndon could not claim contribution from Liberty, a joint tortfeasor, because Liberty had settled with the seamen. Herndon responded, *inter alia*, that the claim for recovery over against Liberty for maintenance and cure was separate and distinct from the

---

[1]    In response to Liberty's Rule 12(b)(6) motion to dismiss Herndon's maintenance and cure reimbursement claim, Herndon stated that it had paid approximately $105,000.

settled claims with the seamen; and that, therefore, the settlement bar rule was inapplicable.

The district court denied Liberty's limitation claim, but found the crews of both vessels at fault in the allision, apportioning 75% to Liberty and 25% to Herndon. No finding was made as to the percentage of fault, if any, attributable to each of the injured (and dismissed) seamen.

Thereafter, in ruling on Liberty's Rule 12(b)(6) motion concerning Herndon's maintenance and cure reimbursement claim, and because it did not feel there was controlling Fifth Circuit precedent, the district court looked to the Eighth Circuit's decision in **Associated Elec. Coop. v. Mid-America Transp. Co.**, 931 F.2d 1266 (8th Cir. 1991), and held that the policies favoring settlement dictated that Liberty's settlement should bar Herndon's claim. Accordingly, it granted the motion. Subsequently, Herndon and Liberty settled all other claims.

## II.

As is well-established, we review *de novo* the Rule 12(b)(6) dismissal, viewing all well-pleaded facts in the light most favorable to Herndon. *E.g.*, **Cinel v. Connick**, 15 F.3d 1338, 1341 (5th Cir.), *cert. denied*, 115 S. Ct. 189 (1994). For the reasons stated hereinafter, Herndon has stated a claim.

Maintenance and cure are maritime terms describing a seaman's right to receive food and lodging (maintenance) and necessary medical services (cure). *E.g.*, **Davis v. Odeco, Inc.**, 18 F.3d 1237, 1245 (5th Cir.), *cert. denied*, 115 S. Ct. 78 (1994). It is firmly

established in this circuit that a shipowner required to pay maintenance and cure may recover those payments from a third-party who caused, in whole or in part, the employee's injury. *See* **Bertram**; *see also*, **Adams v. Texaco, Inc.**, 640 F.2d 618 (5th Cir. 1981); **Savoie v. Lafourche Boat Rentals, Inc.**, 627 F.2d 722 (5th Cir. 1980); **Tri-State Oil Tool Indus., Inc. v. Delta Marine Drilling Co.**, 410 F.2d 178 (5th Cir. 1969). This right is not extinguished where, as in this case, the shipowner is apportioned part of the fault. Rather, that shipowner remains entitled to contribution from the third-party tortfeasor in proportion to the third-party's fault. **Adams**, 640 F.2d at 620-21.

Accordingly, but for Liberty's settlement with the seaman, there would have been no dispute that Herndon had a right to reimbursement of part of the maintenance and cure. At issue is the effect, *vel non*, that the settlement has on that right.

Liberty notes correctly this circuit's general rule against claims for contribution by non-settling tortfeasors against settling tortfeasors. **Hardy v. Gulf Oil Corp.**, 949 F.2d 826, 835-36 (5th Cir. 1992). However, in **Bertram**, our court distinguished the traditional joint tortfeasor settlement case from maintenance and cure reimbursement claims, and held that a settlement by a third-party tortfeasor with an injured seaman does not bar a claim by the seaman's employer for recovery over against that tortfeasor for maintenance and cure.

In **Bertram**, an employee of Energy Catering Services was injured on a drilling platform while returning to the barge on

- 4 -

which he worked.  Houma was a contractor on the platform, which was owned by Freeport.  The employee's several claims included one against his employer, Energy, for maintenance and cure, and one against Freeport and Houma for negligence.  Prior to trial, the employee settled with all parties, leaving, *inter alia*, Energy's cross-claims against Freeport and Houma for maintenance and cure reimbursement.  The district court found Energy to be without fault, and apportioned fault for Houma at 20%, Freeport at 20%, and the employee at 60%.  It ordered Houma and Freeport to each reimburse Energy 50% of the maintenance and cure, not just their portion of fault (20% each).  Houma appealed, contending, *inter alia*, that its settlement with Bertram should have barred recovery over by Energy for maintenance and cure.[2]

In affirming, we held that **Adams** (1981) and **Savoie** (1980) were still binding precedent, notwithstanding the modern trend toward proportional fault.  Therefore, we reaffirmed that an employer's claim for recovery over for maintenance and cure is separate and distinct from an injured seaman's claim for damages.  **Bertram**, No. 93-7575, slip op. at 329.  Accordingly, we concluded that the general settlement rule in **Hardy**, a case that did not involve maintenance and cure, was not applicable.  **Id.** at 326.  Similarly, we concluded that the Eighth Circuit's opinion in **Associated**

---

[2]     One of the other issues was whether Houma was required to pay 50% of the maintenance and cure, even though it was only 20% at fault.  Bound by precedent concerning an innocent (without fault) employer, we held that it was.  **Savoie**, 627 F.2d at 724.

*Electric*, although dealing with a reimbursement claim for maintenance and cure payments, missed

> the critical distinction -- long recognized in this circuit -- between an employer's right to recover maintenance and cure payments, and one tortfeasor's right to recover some or all of a damage award assessed against it from another tortfeasor.

*Id.* at 329.

As is well-known, maritime law provides two separate lines of recovery for an injured seaman: damages, and maintenance and cure. The seaman may claim maintenance and cure only from its employer; but, as noted, the employer may recover all, or a portion, of those payments from a third-party tortfeasor. *See* **Adams**, 640 F.2d at 620-21 (allowing recovery of proportionate share when employer partially at fault); **Savoie**, 627 F.2d at 724 (allowing total recovery when employer not at fault). The obligation of an employer to pay maintenance and cure, which is based on its employment relationship with the seaman, exists regardless of the fault, *vel non*, of the employer. *E.g.*, **Aguilar v. Standard Oil Co. of New Jersey**, 318 U.S. 724, 730, 63 S. Ct. 930, 934 (1943); **Bertram**, No. 93-7575, slip op. at 323; **Brister v. A.W.I., Inc.**, 946 F.2d 350, 361 (5th Cir. 1991).

As noted, in addition to maintenance and cure, an injured seaman may also seek damages for negligence and unseaworthiness. *E.g.*, **Cooper v. Diamond M Co.**, 799 F.2d 176, 179 (5th Cir. 1986), *cert. denied*, 481 U.S. 1048 (1987). The damage claim may be brought against the employer and a third-party tortfeasor. In turn, through indemnity or contribution, the employer may recover

from the third-party tortfeasor for part or all of any damages assessed against the employer. *See*, **Loose v. Offshore Navigation, Inc.**, 670 F.2d 493, 499-500 (5th Cir. 1982). Thus, in a maritime collision, a third-party tortfeasor faces two distinct claims by a shipowner for contribution or indemnity: (1) for damages assessed against the shipowner; and (2) for maintenance and cure. As stated, **Bertram** holds that a settlement by the third-party with an injured seaman on the damage claim will not bar the shipowner's recovery of maintenance and cure.

The holding in **Bertram** controls here, even though Herndon, unlike the employer in **Bertram**, was found partially at fault. As noted, our court held in **Adams** that the partial fault of the shipowner does not preclude recovery for maintenance and cure from a joint tortfeasor for its portion of the fault. Because Herndon and Liberty were found 25% and 75% at fault, respectively, Herndon has a claim against Liberty for 75% of the maintenance and cure.[3] *See* **Bertram**, No. 93-7575, slip op. at 333.

Finally, as to any concern over the policy of favoring settlements, once it is recognized that Liberty in fact had two separate grounds of liability to the shipowner/employer, it becomes clear that settlement policy is not implicated. Liberty cannot extinguish its maintenance and cure liability to Herndon (a separate and independent claim) by settling a separate and

---

[3]    As noted, in the limitation action, the district court found the crews of both vessels at fault. Liberty's crew was found 75% at fault for, among other things, failing to properly anchor and control their vessel. Herndon's crew was found 25% at fault for failing to keep a proper lookout.

unrelated claim with the injured seamen.  As discussed in **Bertram**, No. 93-7575, slip op. at 328, public policy favoring settlements should be advanced by **Bertram**'s holding, because settlement of all damages and maintenance and cure claims will be fostered, resulting in the possible termination of all claims, and, hence, the litigation.

III.

For the foregoing reasons the judgment of the district court is **REVERSED**, and this case is **REMANDED** for further proceedings consistent with this opinion.

**REVERSED** and **REMANDED**