WOODARD, Judge.
Maximillian Gibbs (Gibbs) filed suit under the Jones Act and general maritime law against Falcon Drilling Company (Falcon) on March 9, 1995, for personal injuries he allegedly suffered while working on a jack-up rig in September 1993. More than two months later, Gibbs amended his petition, naming Thomas J. Landry & Associates, Inc. d/b/a Landry & Musso Physical Therapy and Rehabilitation Agency, Inc. d/b/a Work Performance Clinic (Landry & Musso) as defendants for aggravating his injury while he received medical treatment that was demanded by Falcon. Falcon filed a cross-claim against Landry & Musso for contribution and indemnity. Landry & Musso filed a Motion for Summary Judgment, seeking dismissal of the Falcon cross-claim on the basis of state law. It was granted by the district court without written reasons. Falcon appeals. We reverse.
| .¡FACTS
On September 14, 1993, Gibbs allegedly injured his back while employed as a power plant operator for Falcon. He was working on a jack-up rig, the SEAHAWK, which was located in Sabine Pass, Louisiana. It had been “mothballed” there for approximately three to four years. At the time of his accident, the SEAHAWK was undergoing extensive refurbishing in preparation for future operations offshore. Gibbs was injured when he attempted to lift a floor plate.
He did not immediately file an accident report. He left the SEAHAWK several days later and on September 20, 1993, went to see Dr. George Hilliard. Dr. Hilliard told him that he had an “inflamed disc” in his back and that he would be able to return to work after ten days of rest. After two visits to Dr. Hilliard, he was fully released to return to work. His back pain had completely resolved.
*671 Gibbs requested to return to work with Falcon. The personnel director at Falcon, Mr. Jennings Broussard, requested that he undergo a pre-employment evaluation similar to that administered to all new or returning employees. Landry & Musso administered this evaluation on November 3, 1993 at their offices, using their equipment. It administered a CYBEX B-2000 medical evaluation test to determine the range of motion of an individual with an alleged back injury. Gibbs returned to work and his prior back injuries were allegedly aggravated or he suffered new back injuries.
On March 9, 1995, he filed suit under the Jones Act and general maritime law against Falcon, alleging seaman status. More than two months later, he amended his petition, naming Landry & Musso as an additional defendant and alleging that Landry & Musso was negligent in administering the pre-em-ployment medical evaluation, that the evaluation aggravated his back injury, and that, as Falcon required him to undergo the evaluation in order to return to work, it should be liable for any negligence attributable to Landry & Musso.
Landry & Musso filed a Declinatory Ex- ‘ eeption of Improper Venue on the grounds that its domicile was in the Parish of Iberia, thus making Vermilion Parish, Falcon’s domicile, an improper venue. The district court denied the Exception of Improper Venue, holding that Falcon and Landry & Musso were solidarity liable. Therefore, venue in Vermilion Parish was proper. Landry & Musso sought writs to review that decision in this court, which were denied.
^Subsequently, Landry & Musso filed an Exception of Prescription, alleging that Gibbs’ claims were governed by Louisiana law and had not been brought within one year. It argued that although it might be solidarily liable with Falcon, the prescriptive periods applicable to each were different. As Gibbs had asserted a Jones Act claim and a claim under general maritime law for unseaworthiness against Falcon, the prescriptive period faced by Falcon was three years. But, it contended that as the only claim Gibbs asserted against Landry & Musso was state tort law claims for alleged negligent administration of the pre-employment medical evaluation, the prescriptive period was one year. Landry & Musso also argued that because both the original Petition and the Amended Petition were filed more than one year after the alleged injury, Gibbs’ claims against Landry & Musso were prescribed. On August 12,1996, the district court agreed and granted Landry & Musso’s Exception of Prescription.
Prior to August 12, 1996, on July 2, 1996, Falcon had filed a cross-claim against Landry & Musso for contribution and indemnity to the extent that Falcon was held hable for the negligent acts of Landry & Musso. Also, Falcon filed two motions for summary judgment, one concerning Gibbs’ seaman status and another concerning' its alleged liability for the negligent acts of Landry & Musso. The district court denied Falcon’s motion concerning Gibbs’ seaman status.
Concerning Falcon’s second Motion' for Summary Judgment, Falcon argued that Landry & Musso was an independent contractor. Therefore, Falcon could not be held hable for its neghgent acts. Gibbs contended that Landry & Musso were Falcon’s “agent” for which it could be held vicariously hable if neghgence were proven. The district court denied Falcon’s Motion for Summary Judgment, thus, leaving Falcon potentially responsible for Landry & Musso’s neghgence.
Landry & Musso then filed a Motion for Summary Judgment, seeking dismissal of Falcon’s cross-claim. It argued that under Louisiana law, once prescription extinguishes a cause of action, a subsequent timely suit against a solidary obligor cannot revive the already prescribed action. In opposition, Falcon argued that federal law, not Louisiana state law, apphed to the cross-claim and that regardless of whether state or federal law apphed to the cross-claim, the law recognizes that a claim for indemnity. against a third party does not arise until the lawsuit is concluded by way of judgment. The district court granted Landry & Musso’s Motion for Summary [4Judgment on March 3, 1997, without issuing written reasons'. Falcon appealed that decision to this court.
*672 ASSIGNMENTS OF ERROR
Appellant alleges that the trial court committed error by:
1. Failing to recognize that federal law, and not state law, applies to Falcon’s cross-claim for indemnity.
2. Failing to recognize federal law provides Falcon with a claim for indemnity against Landry & Musso.
3.. Failing to recognize that Falcon’s claim for indemnity only arises once it has sustained a loss.
LAW
Falcon’s CROss-Claim FOR Indemnity
Landry & Musso premised its Motion for Summary Judgment on the application of Louisiana law to Falcon’s claim for contribution and indemnity. The district court accepted this argument. It was wrong.
In Jones Act and general maritime law cases brought in state courts under the “savings to suitors” clause, a state is free to adopt remedies, and attach to them such incidents as it sees fit so long as it does not attempt to make changes in the substantive maritime law. Green v. Indus. Helicopters, Inc., 593 So.2d 634 (La.1992), cert. denied, 506 U.S. 819, 113 S.Ct. 65, 121 L.Ed.2d 32 (1992). “ ‘[A] maritime claim brought in the common law state courts ... is governed by the same principles as govern actions brought in admiralty, i.e., federal maritime law.’ ” [citations omitted]. Id. at 637.
In Marathon Pipe Line Co. v. Drilling Rig ROWAN/ODESSA, 761 F.2d 229 (5th Cir.1985), the court had to determine which law governed a third party action brought by a defendant, who was liable under the general maritime law, against a third party who was liable for the same damage, but liable under Louisiana law. In Marathon, the court could only determine whether or not Rowan, the principal defendant, had a valid indemnity or contribution claim against HydroTech, the third party, by first determining what body of law governed Rowan’s liability to Marathon, the principal | splaintiff. The court then had to determine what body of law governed Hydrotech’s liability to Marathon. Only then would it be appropriate to choose the body of law applicable to Rowan’s third party action against HydroTech. Id.
It was obvious to the court that maritime law governed the claim made by Marathon against Rowan, and it determined that state law governed HydroTech’s liability to Marathon, here Louisiana law as a surrogate federal law. Id. Then it had to decide which law applied to the contribution and indemnity claim between Rowan and HydroTech. The United States Fifth Circuit Court of Appeals opined:
This requires us to choose the law governing the third party action brought by a defendant liable under general maritime law against a third party liable for the same item of damage under a different body of law, here Louisiana law. We conclude that the indemnity or contribution claim is governed by general maritime law. This Court has held that the body of law establishing the indemnitee’s primary liability governs his claim for indemnity or contribution against a third party. “[A]ny noncontractual right to indemnity in respect of established tort liability arises out of the tortious conduct upon which the indemnitee’s liability was established.” It is thus of no consequence that the third party indemnitor may be Hable to the primary plaintiff under a different body of law, whether contract law, the law of a foreign nation, or state law applied as surrogate federal law.
Id. at 235 (emphasis added).
As Gibbs’ primary claim against Falcon is maritime in nature, Falcon’s indemnity claim against Landry & Musso concerning the pre-employment medical evaluation is also a maritime claim governed by maritime law. As the district court, in denying Falcon’s Motion for Summary Judgment regarding Gibbs’ seaman status, held that there was a question of fact whether Gibbs was a seaman for the purpose of asserting Jones Act claims, it consequently erred as a matter of law in not applying general maritime law to Falcon’s cross-claim for contribution and indemnity against Landry & Musso.
*673 The appellees assert that Joiner v. Diamond M Drilling Co., 688 F.2d 256 (5th Cir.1982) precludes the application of federal maritime law. While there are factual similarities, the Joiner case is distinguishable. In Joiner, 688 F.2d 256, the United States Fifth Circuit Court of Appeals refused to extend federal law to a third-party claim for indemnity and contribution made against a land-based physician. In that |6case, which relied upon the Fifth Circuit’s previous decision in Penn Tanker v. United States, 409 F.2d 514 (5th Cir.1969), the court stated that:
A private land-locked physician who treats a patient who happens to have been injured at sea, does not thereby enter into an implied maritime contract. We can find absolutely no support for the proposition that an ordinary, private, onshore physician who treats an injured sailor has thereby submitted himself to the rules of maritime commerce. Rather, it has been consistently held that it is a state law that controls in cases such as this.
Joiner, 688 F.2d at 260-61 (footnote omitted). Since the private physician in Joiner was chosen by the employee, his employer could not have been vicariously liable for the physician’s negligence. The factual situation in the case sub judice is distinguishable. While true that, here, Gibbs’ physical examination was performed by an on-shore facility, neither the facility nor the examination were of his own choosing. Rather, he was directed to undergo a return-to-work examination by Falcon. Thus, Falcon could be held vicariously liable for the alleged negligence of that facility toward Gibbs. Therefore, Marathon, 761 F.2d 229 is controlling and the trial court erred as discussed above.
Does FedeRal Law PROVIDE Falcon with a Claim for Indemnity?
Since we have determined that the underlying obligation is maritime, admiralty law determines the extent to which Falcon, who may have to pay Gibbs, can shift all or part of the loss to Landry & Musso. It is well established that vicariously hable tort-feasors may recover legal costs from actively negligent tortfeasors in indemnity. Liberty Seafood, Inc. v. Herndon Marine Products, Inc., 38 F.3d 755 (5th Cir.1994), cert. denied, 514 U.S. 1109, 115 S.Ct. 1961, 131 L.Ed.2d 852 (1995); Marathon, 761 F.2d 229.
Falcon has a right to assert a claim for recovery from Landry & Musso for all the damages assessed against Falcon regarding the alleged negligent implementation of the pre-employment medical evaluation. As Gibbs alleges that Falcon is vicariously hable for the alleged negligence of Landry & Mus-so, Falcon’s liability is based on 17Landry & Musso’s fault, which constitutes the affirmative neghgent act that allegedly injured Gibbs. Because the district court has ruled that the defendants are solidarily hable for purposes of venue and that there remain issues of fact regarding Falcon’s responsibility for Landry & Musso’s neghgence, Falcon should be allowed to maintain a cross-claim for contribution and indemnity against Landry & Musso.
The district court erred as a matter of law in fading to recognize that Falcon, as allegedly vicariously at fault, has a valid claim against Landry & Musso for indemnity in the event it is required to pay Gibbs for the tortious conduct of the physical therapist.
By reason of our decision above, it is unnecessary to address Falcon’s remaining contention.
CONCLUSION
The district court erred in granting the Motion for Summary Judgment of Landry & Musso, dismissing Falcon’s cross-claim for contribution, and indemnity on the basis of state law.- The district court’s decision is reversed. The appellee is cast with the costs of this appeal.
REVERSED.
AMY, J., concurs.